UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLA JOAQUINA ENAMORADO MEJIA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No. 1:26-cv-00367-DJC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner was initially detained and released on parole by Department of Homeland Security on July 12, 2023. See ECF No. 1, pg. 6. Petitioner asserts she was denied due process when she was re-detained on December 26, 2025, without notice or a pre-deprivation bond hearing. See id. The District Judge ordered Respondents to show cause whether there were any factual or legal issues in this case that would justify denial of a preliminary injunction and rendered it distinguishable from the Court's prior orders in Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR, Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, and Ortega v. Noem, No. 1:25-cv-1663-DJC-CKD. See ECF No. 4.

Respondents filed a joint opposition to injunctive relief and requested 180-day extension to respond to the petition. See ECF No. 7. On January 21, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 9. The Court ordered:

> Respondents are ordered to immediately release Petitioner Karla Joaquina Enamorado Mejia from their custody. Respondents shall not impose any additional restrictions on her, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.
>
> Id.

The matter was referred to the undersigned for further proceedings. The Court directed Respondents to file a response within 60 days. See ECF No. 10. Respondents filed a response arguing the habeas petition is moot. See ECF No. 11, pg. 1-2. On April 27, 2026, Petitioner filed a reply, asserting the petition is not moot due to Petitioner remaining at risk of re-detention. See ECF No. 12, pg. 2.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and under Ninth Circuit authority, Petitioner is subject to discretionary detention pursuant to § 1226(a). See Vazquez v. Bostock, No. 25-6842, 2026 LX 482469, at *12, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Additionally, for the reasons addressed in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), the undersigned finds that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

/ / /

Additionally, the undersigned finds Petitioner's release from detention does not render this action moot. See Cruz v. Lyons, 2025 U.S. Dist. LEXIS 234185, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id. A habeas petition is not moot where preliminary relief is not made permanent. See id. (citing Nielsen v. Preap, 586 U.S. 392, 403, 139 S. Ct. 954, 203 L. Ed. 2d 333 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief." Im v. Semaia, 2026 U.S. Dist. LEXIS 13231, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026).

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE